WATSON, Judge:
This is an appeal in a workmen’s compensation case from the sustaining of de *465 fendant’s exception of prescription by the trial court. The accident occurred on May 19, 1972, and the petition was filed on August 21, 1973. This appeal concerns the contentions by plaintiff that: (1) the injury did not manifest itself at the time of the accident or develop immediately thereafter; or, (2) that he was paid wages in lieu of compensation, thus interrupting the one year prescription.
The facts surrounding the accident are brief and undisputed. Plaintiff was working with defendant, Hosea Johnson, on the day and at the time of the accident, holding a stake which defendant was hitting with a sledge hammer. Unfortunately, one of defendant’s strokes missed the stake and hit plaintiff’s finger. According to the medical report of Dr. R. E. Landreneau, Jr., which appears in the record, this resulted in a laceration of the finger, a crushing injury to the finger, the exposure and laceration of a tendon sheath and a fracture of' the second phalanx, all of the left index finger. Plaintiff immediately left work and went to the hospital to have his finger treated. It is not entirely clear from the record, but apparently he missed two or three days work and then returned to his regular duties.
The situation in regard to plaintiff’s knowledge of his injury is clearly stated in his own testimony, under cross-examination, as follows:
“Q —when that accident happened, you knew very well then that you were injured. Is that true ?
“A Yes, sir.
“Q Because your finger was hit with a sledge hammer?
“A Yes; sir.
“Q And during all the time that you returned to work, during that year or a little over' a year, a year and three months, you knew that your finger had been hit with a sledge . hammer ?
“A Yes, sir.
“Q But you continued to .work eight hours a day, five days a week for—
“A Yes, sir.
“Q —Mr. Johnson.” (TR. 68).
Therefore, it is clear that there was no delayed development of the injury or its manifestation, as contended by plaintiff.
LSA-R.S. 23:1209 provides as follows:
§ 1209. Prescription
In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Plaintiff has cited this statute as well as several cases in support of his contention. We have reviewed the cases cited, which are in the Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952), line of jurisprudence, and, without detailing each, we are of the opinion that the facts of this case are not within the ambit of this jurisprudential rule and are not within the contemplation of the statute quoted.
*466 As to the second contention, that plaintiff was paid wages in lieu of compensation interrupting prescription, we believe the record supports the trial court’s conclusion that plaintiff was 'being paid wages for work performed. He worked for a year and three months after the accident for the same employer performing the same duties and earning the same wages as he had prior to the accident.
While his statements may be described as self serving, the trial court heard the defendant and apparently believed him when he testified as follows:
“Q The money that you were paying Mr. Dupre, after the accident happened, how did that compare with the amount that you were paying him before?
“A I didn’t see no difference. I mean to me he was earning his money. I mean he was working for it. To me, you know, eight hours of work, I thought I was paying full price.
“Q Did you think that you were giving him a charity?
“A No, sir. I never did believe that.
“Q Did you think that perhaps part of the money you were paying him he was not earning?
“A No, sir, to me he was earning every bit of it. He was working.” (TR. 84).
The other two witnesses who testified, Bergeron and Lalonde, were fellow employees of plaintiff. They indicated that, following the accident, plaintiff performed the same duties in the same manner as before the accident.
The record supports the conclusion that plaintiff earned his pay after the accident and was not paid wages in lieu of compensation.
We have concluded that the trial judge was correct in sustaining the exception ,of prescription.
Costs will be taxed against plaintiff.
Affirmed.